Marianne **ANDERSON**, Plaintiff,

v.

**EMERSON ELECTRIC CO.,
et al., Defendants.**

No. 2:04–CV–64.

United States District Court,
W.D. Michigan,
Southern Division.

Dec. 28, 2004.

Nino E. Green, Green Weisse Rettig Rademacher Clark & Bray, P.C., Escanaba, MI, for Plaintiff.

Janis M. Burgess, Wesley W. Hoffman & Associates, P.C., Menominee, MI, Stanley G. Schroeder, McMahon Berger, St. Louis, MO, for Defendants.

## MEMORANDUM OPINION

McKEAGUE, District Judge.

This case is before the Court for review of an administrative record and claim for benefits arising under 29 U.S.C. § 1132(a)(I)(B) pursuant to the guidelines set forth in *Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609 (6th Cir.1998). For the reasons that follow, the Court will affirm the denial of benefits and award judgment to defendant.

## FACTS

Defendant Emerson Electric Co. operated a manufacturing facility in Menominee,

Michigan. Defendant maintained a retirement benefit plan (Plan), which also provides for disability retirement benefits. Section 6.1 of the Plan states:

> An active participant who shall have attained at least age forty, who has at least ten years of pension credited service, and who becomes permanently disabled ... shall receive a pension of $100.00 per month ...

The Plan provides for a claim and appeal procedure, such that participants who are denied benefits may assert formal claims and appeals if their claims are denied. The Emerson Electric Co. Retirement Plan Claims Review Board (Board) has discretionary authority to make all benefit determinations to construe plan terms.

Plaintiff, Marianne Anderson, worked for Emerson from January 16, 1981 until October 1, 1995 when plaintiff's employment was terminated. While employed by Emerson, plaintiff was a Plan participant and accumulated over fourteen years of credited service. Plaintiff was thirty-three when her employment with Emerson was terminated.

On January 9, 2004, over eight years after plaintiff's termination, she contacted defendant about receiving disability retirement benefits. Defendant denied plaintiff's claim and found that plaintiff did not satisfy all the eligibility requirements because at the time of her termination, plaintiff was not yet forty. On February 19, 2004, the Board upheld defendant's denial of benefits, finding that plaintiff could not "age into" the entitlement after termination of service. According to defendant, based on Section 6 of the plan, all elements had to be met at the time of termination.

## STANDARD OF REVIEW

■ When a fiduciary has been given discretionary authority to determine eligibility for benefits, as defendant has in this case, the trial court must review a denial of benefits under the arbitrary and capricious standard. *McDonald v. Western–Southern Life Ins. Co.,* 347 F.3d 161, 168–69 (6th Cir.2003). Under this standard, if the administrator's decision was rational in light of the plan's provisions, the decision will be upheld. *Marks v. Newcourt Credit Group, Inc.,* 342 F.3d 444, 456–57 (6th Cir.2003); *see also Williams v. Int'l Paper Co.,* 227 F.3d 706, 712 (6th Cir.2000). "Stated differently, when it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Id.* A decision reviewed according to this standard must be upheld if it is supported by "substantial evidence." *Baker v. United Mine Workers of Am. Health & Retirement Funds,* 929 F.2d 1140, 1144 (6th Cir.1991). Substantial evidence supports an administrator's decision if the evidence is "rational in light of the plan's provisions." *See Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir.1997). The court's review is limited to the administrative record. *Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 618 (6th Cir.1998).

## ANALYSIS

■ This case requires the Court to examine possible Plan interpretations. Section 6.1 of the Plan establishes requirements for Plan participants to obtain disability benefits. The Plan states that an "active" participant who shall have attained age forty, who has been employed for ten years and who becomes permanently disabled shall be entitled to receive benefits. Section 6.2(a) of the Plan provides that a Participant is considered disabled only if while employed, the employee is totally disabled and is receiving disability benefits under the Social Security Act (SSA). The dispute in this case is over

when all the requirements must be satisfied.

Plaintiff essentially makes two arguments. First, plaintiff argues that the term "active participant" should not be interpreted to mean one who is actually employed. Plaintiff argues that one cannot be an active employee and receive Social Security benefits. Plaintiff also argues that the Plan does not specifically state whether plaintiff must meet all the requirements while she is employed, and therefore, defendant's denial of benefits was unreasonable. Defendant argues that plaintiff's interpretation of the plan reads "active" out of the plan. Defendant also argues that the word "active," in Section 6.1 is included in the Plan to distinguish between those persons who are currently employed and those who were previously employed.

Plaintiff next argues that defendant's interpretation of the Plan is unreasonable because defendant's reading of Section 6.2 renders the Plan illusory. Plaintiff states that defendant's reading of "is receiving" (benefits under the SSA) leads to the conclusion that no participant will ever receive benefits, because one who is receiving disability benefits is necessarily not employed. However, defendant argues that a participant need not receive benefits while employed. A plain reading of Section 6.2 states, that in order to be considered disabled, one must become disabled while employed by the Employer and *currently* receive benefits. Defendant's interpretation of the Plan is not illusory, because the Plan does not state that a participant must be employed at the time benefits are awarded. Rather, Section 6.2 can be read to state that one must become injured while employed and currently receive benefits under the SSA in order to qualify for benefits under the Plan.

Several cases are instructive for purposes of evaluating the Board's decision. In *Yoran v. Bronx–Lebanon Hosp. Center*, 1999 WL 378350 (S.D.N.Y.1999), the court found reasonable, an administrator's conclusion that "active participant" meant "current employee." Similarly, in *Moriarity v. United Tech. Corp. Represented Employees Retirement Plan*, 158 F.3d 157 (2nd Cir.1998), the court upheld an administrator's decision to deny benefits where the administrator found that an employee was not entitled to benefits where he did not satisfy all the requirements of the plan while employed by the company. Furthermore, in *Lucas v. Challenge Machinery Co. Salaried and Non–Union Employees' Retirement Plan*, 144 F.Supp.2d 885 (W.D.Mich.2001), the court held that an administrator's decision to limit disability payments to those who simultaneously satisfied the age, service and disability conditions while employed was rational, considering the benefit eligibility requirements and the definition of "Participant," which required employment.

Plaintiff's interpretation reads the word "active" out of the Plan. The Plan defines "Participant" as an employee who has satisfied the Plan's eligibility requirement and has not become a "former Participant." Under this definition, Plaintiff was only a Participant, and arguably not an "active" participant. According to defendant, "active" is included in the Plan language to distinguish between current and former employees. While it is possible that "active" does in fact mean something else, it is certainly reasonable to determine that "active" refers to current employees.

Even if this Court were convinced that plaintiff's interpretation of the Plan was reasonable, where there are two reasonable interpretations of the Plan, the Court cannot reverse the Board's determination. *See Marks*, 342 F.3d 444, 456–57;

*see also Johnson v. Eaton Corp.*, 970 F.2d 1569, 1574 (6th Cir.1992)(deferring to ERISA plan administrator's reasonable interpretation of ambiguous plan term despite beneficiary's offer of conflicting reasonable interpretation of the same term). The question is not whether this Court would have awarded plaintiff benefits, but whether the Board's decision was rational in light of the Plan's provisions. *Smith*, 129 F.3d at 863.

The decisions in *Yoran* and *Moriarity* clearly support defendant's position. The Plan in this case, like the plan in *Yoran* and *Moriarity*, can reasonably be interpreted to state that one must satisfy the three requirements in Section 6.1 while employed by Emerson in order to receive disability benefits. *See Yoran*, 1999 WL 378350; *see also Moriarity*, 158 F.3d 157.

Plaintiff's interpretation of the Plan envisions awarding benefits to a former employee who met the plan requirements eight years after her employment was terminated. While it is possible that the Plan drafters envisioned a situation where an employee could become disabled and "age into" the plan, the more likely scenario is that the Plan contemplates awarding benefits to those employees who satisfy the requirements of the plan while employed by the company.

The Court cannot say that the Board's decision was arbitrary or capricious. Plaintiff's employment was terminated eight years before she brought this claim for benefits. Plaintiff's interpretation would read the word "active" out of the plan and is otherwise unpersuasive. Furthermore, it is reasonable for an employer to limit disability benefits to those employees who satisfy Plan conditions while employed by the company. Therefore, because the Court is satisfied that the Board's interpretation of the Plan was rea-sonable, the Court will grant judgment in favor of defendant.

An order consistent with this opinion shall follow.

### ORDER

In accordance with the Court's Memorandum Opinion of even date,

**IT IS HEREBY ORDERED** that the Board's denial of benefits is **UPHELD**.

Accordingly, **JUDGMENT** shall enter in favor of Defendant.